# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   11-cr-10054 |
| | ) | |
| JEREMY S. CARY, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Defendant Jeremy S. Cary's Motion for Release Pending Appeal (Doc. 45) and his Motion for Return of Seized Property (Doc. 46). For the reasons explained below, the Motion for Release is denied, and the Motion for Return of Property is set for hearing.

### MOTION FOR RELEASE

In Defendant's first Motion, he requests release pending appeal pursuant to 18 U.S.C. § 3143(b). (Doc. 45). Section 3143(b) allows a court to release a defendant in some circumstances if he has "filed an appeal or a petition for a writ of certiorari." 18 U.S.C. § 3143(b). However, Defendant's conviction and sentence have not been appealed, nor is there a petition for writ of certiorari pending. Though Defendant inserts the word "habeas" into his quote of the provision, the section does not apply to defendants seeking release after they have filed a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Even though § 3143 does not apply to Defendant, the Court does have an "inherent power to admit applicants to

bail pending the decision [in § 2255 proceedings], but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Defendants pursuing postconviction relief receive an even less favorable standard than § 3143 provides when determining whether release pending determination is appropriate. *Id.* at 337-38.

Defendant cannot satisfy even the more favorable § 3143 standard, and thus is not entitled to release. He argues his actual innocence claim is a question likely to result in reversal and that in the alternative his sentence was too long and likely to be shortened as a result of the § 2255 proceedings. (Doc. 45 at 1-4). Having considered the grounds raised in Defendant's § 2255 motion before this Court, in civil case number 13-cv-1529, the Court finds it raises no issues likely to result in reversal or a reduced sentence. First, contrary to his assertion, he does not state an actual innocence claim, as he is complaining that the conditions he violated should not have been imposed, not arguing that he did not violate them. Second, his other arguments, including one about the length of his sentence, are unlikely to prevail. Thus, Defendant's Motion for Release is denied.

### MOTION FOR RETURN OF PROPERTY

As Defendant's criminal proceedings have concluded, the Court construes his form Motion (Doc. 46) to be solely one for return of property, specifically his cell phone, pursuant to Federal Rule of Criminal Procedure 41(g). Defendant apparently refers to his § 2255 motion to provide the grounds in support of his Motion for Return of Property. The Government is ordered to respond to this Motion for Return

of Property within fourteen days of the date of this Order. The matter is set for hearing on Wednesday, February 5, 2014, at 1:15 P.M. in Courtroom D in Peoria.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Release Pending Appeal (Doc. 45) is DENIED. His Motion for Return of Seized Property (Doc. 46) is SET FOR HEARING on Wednesday, February 5, 2014, at 1:15 P.M. in Courtroom D in Peoria. The Government is ORDERED to respond to this Motion within fourteen days of the date of this Order.


Entered this <u>3rd</u> day of January, 2014.


      <u>  s/ Joe B. McDade  </u>
       JOE BILLY McDADE
     United States Senior District Judge